# EXHIBIT AA

# EXHIBIT AA

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
_____

LG 60 DOE,

                         PLAINTIFF,              **PLAINTIFF'S RESPONSES**
                                                 **TO DEFENDANTS' FIRST SET**
                                                 **OF INTERROGATORIES**

V.                                               INDEX NO.:807427/2020

TOWN OF LANCASTER NEW YORK,
LANCASTER CENTRAL SCHOOL DISTRICT,
LANCASTER CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, and HILLVIEW
ELEMENTARY SCHOOL,

                         DEFENDANTS.

_____

    Pursuant Article 31 of the CPLR, the plaintiff, LG 60 Doe, sets forth Answers to the First Set

of Interrogatories of Defendants, LANCASTER CENTRAL SCHOOL DISTRICT and

LANCASTER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION (collectively

"Defendants").  Plaintiff hereby states, upon information and belief, the following:

                              *GENERAL OBJECTIONS*

    A.      Plaintiff objects to defendants' requests which fail to state a time period as being

overly broad, unduly burdensome and oppressive.

    B.      Plaintiff objects to defendants' requests to the extent that they seek "all documents"

regarding a stated subject upon the basis that such a request is over broad, unduly burdensome and

oppressive.

C.      Plaintiff objects to defendants' requests to the extent that they seek information that is not relevant to any material issue in a lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

D.      Plaintiff objects to defendants' requests to the extent that they call for identification or disclosure of information that was prepared in anticipation of litigation, constitutes attorney work product, contains privileged attorney-client communications, or is otherwise privileged.   Any disclosure of such protected or privileged information is inadvertent and shall not constitute a waiver of any privileges or protections.

E.      Plaintiff objects to defendants' requests to the extent that they assume disputed facts or legal conclusions in defining the information requested.  Plaintiff hereby denies any such disputed facts or legal conclusions to the extent assumed by each request.  Any information provided by plaintiff with respect to such a request is without prejudice to this objection.

F.      Plaintiff's responses and any identification or production of documents thereto, are not intended to waive or prejudice any objections she may assert now or in the future, including, without limitations, objections as to the admissibility at trial of any response or document, category of responses or documents.

G.      Plaintiff reserves the right to supplement these objections and responses to the requests.

Subject to the foregoing general objections which plaintiff hereby incorporates into each of the following responses, plaintiff responds to defendants First Set of Interrogatories as follows:

2

## INTERROGATORIES

1.     State the particular condition(s) which it is alleged that these defendants received notice of: whether actual or constructive notice is claimed; and if actual notice is claimed, state when and to whom it was given. If constructive notice is claimed, state the underlying factual basis for such notice.

ANSWER:

Plaintiffs object to this interrogatory to the extent that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, this action is in the early stages of discovery and Plaintiff has not yet obtained testimony and documents from Defendants. Given those constraints, Plaintiff is claiming actual and constructive notice and alleges the following: upon information and belief, notice is not necessarily a prerequisite to Defendant's liability; however, the Defendants by their agents, servants and/or employees, had notice of the janitor's propensity for abusing children, in that said propensities had existed for a sufficient period of time so the Defendants had actual and/or constructive notice, including notice by reasonable inspection and/or investigation of the janitor.

2.     Provide the basis for your claims that the Defendants negligently hired, trained, supervised and retained the alleged abuser.

ANSWER:

Upon information and belief, the Defendants, LANCASTER CENTRAL SCHOOL DISTRICT and LANCASTER SCHOOL DISTRICT BOARD OF EDUCATION, by their agents, servants and/or employees, were negligent, careless and reckless, among other things:

3

a)  in failing and omitting to screen, background check and otherwise assure that child molesters and abusers were not hired by Defendants;

b)  in failing and omitting to investigate their employees criminal histories and records;

c)  in failing and omitting to properly investigate their employees prior to placement in the school district;

d)  in failing and omitting to keep the Plaintiff and all students of Defendants safe and free from sexual abuse by their employees;

e)  in failing and omitting to supervise their employees and their conduct;

f)  in failing and omitting to supervise plaintiff;

g)  in failing and omitting to discipline their employees and remove any employee from employment with the Defendants for inappropriate behavior;

h)  in failing and omitting to have appropriate policies and procedures in place to prevent sexual abuse of children by defendants' employees;

i)  in failing to have policies and procedures in effect for dealing with sexual abuse and assault;

j)  in failing to comply with internal standards, industry standards and the custom and practice of keeping students of Defendants safe and free from sexual abuse;

k)  in failing to promptly report all allegations of sexual abuse to appropriate governmental authorities;

l)  in creating a safe haven for sexual molesters to abuse students of the school district;

m)  in allowing an atmosphere of sexual abuse, control and manipulation of plaintiff and other students of Defendants by their employees;

4

n)      in violating the rights, privileges and safety of Plaintiff and other students of Defendants;

o)      in ignoring the rights, privileges and safety of Plaintiff and other students of Defendants;

p)      in failing and omitting to properly train and warn employees of the repercussions to misconduct and abuse of Plaintiff and other students of Defendants;

q)      in failing to develop and implement a plan to supervise and investigate employees to assure that proper conduct and treatment of Plaintiff and other students of Defendants were being followed at all times;

r)      in allowing excessive force and unnecessary and unlawful abuse against the Plaintiff and other students of Defendants;

s)      in aiding and abetting the manipulation and abuse of the Plaintiff;

t)      in continuing to allow the Plaintiff and other students to be placed in harms way;

u)      in allowing their employees to cause injury to the Plaintiff and other students of Defendants;

v)      in hiring child molesters, abusers and pedophiles;

w)      in retaining child molesters, abusers and pedophiles;

x)      in failing and omitting to ensure that their employees were properly trained and instructed not to exceed or abuse their authority;

y)      in failing and omitting to periodically monitor and evaluate the employees under Defendants' control;

z)      in failing to control their employees;

4158272, 1, 067298.0001

aa)     in allowing and permitting employees to act in an aggressive, abusive, intentional and inappropriate manner;

bb)     in failing to properly plan a response to the actions or anticipated actions of the child molester;

cc)     in failing and omitting to ensure that their employees comply with the applicable laws, rules and regulations;

dd)     in failing and omitting to supply and provide a safe environment for students;

ee)     in failing and omitting to furnish a place free from recognized abusers causing or likely to cause serious physical  and emotional harm;

ff)     in failing and omitting to ascertain through reasonable diligence that a dangerous condition existed;

gg)     in failing and omitting to initiate, maintain and supervise all employees for the protection and safety of all students;

hh)     in failing and omitting to secure procedures necessary to prevent injury and abuse to minors;

ii)     in failing and omitting to develop and carry out necessary procedures and/or polices for the protection and safety of all minors;

jj)     in failing to properly plan a response to the actions or anticipated actions of the janitor;

kk)     in failing and omitting to use proper care and appropriate care and discretion in hiring and maintaining the employment of the janitor;

ll)     in failing and omitting to make adequate or appropriate inquiries with respect to the character and temperament of the janitor, before hiring him in their employ;

6

mm)   in allowing and permitting on Defendants' premises, the janitor, willfully, maliciously and intentionally sexually abuse and manipulate the Plaintiff herein;

nn)   in failing and omitting to verbally question the janitor regarding his actions;

oo)   in negligently hiring the janitor;

pp)   in negligently training the janitor;

qq)   in negligently retaining the janitor;

rr)   in negligently supervising the janitor;

ss)   in endangering the welfare of a child;

tt)   in failing and omitting to avoid the sexual abuse of Plaintiff, which by the exercise of due and reasonable care, could and should have been avoided;

uu)   in failing and omitting to exercise that degree of care that a reasonable and prudent person would have used in similar circumstances;

vv)   in failing to comply with internal standards, industry standards and the custom and practice of keeping students of Defendants safe and free from sexual abuse;

ww)   in failing to promptly report all allegations of sexual abuse to appropriate governmental authorities;

xx)   in failing to promptly report all reasonable suspicion of sexual abuse to appropriate governmental authorities;

yy)   in materially increasing the risk of sexual assault or sexual crimes upon the Plaintiff and other students by conferring power or authority on Defendants employees, agents and other representatives over the Plaintiff and other infant students;

zz)   in engaging in a course of conduct that deprived Plaintiff of her Fourteenth Amendment due process rights, specifically her protected liberty interest to be free from sexual

7

assaults and bodily intrusions by state actors, and including the right to be free from unjustified and excessive force by state actors; and her Fourth Amendment right to be free from unlawful seizure of her person – all as provided for by the United States Constitution and 42 U.S.C. §1983;

aaa)   in establishing, condoning, ratifying, authorizing, and encouraging customs, policies, patterns and practices that directly and proximately caused the deprivation of the civil and constitutional rights of the Plaintiff and the damages and injuries described herein, and that upon information and belief, said written and unwritten policies, customs, patterns, and practices included:

- Failing to evaluate and investigate all allegations, complaints and/or reports of child abuse and/or neglect;

- Failing to ensure that incidents of abuse, misconduct and/or violations may be reported without fear of repercussion or disbelief;

- Failing to report, or to ensure that complaints of child abuse and/or neglect were reported to the proper agencies and authorities;

- Inadequately training their employees, agents and/or representatives to report or recognize activities involving grooming and sexual abuse of children;

- Failing to investigate and properly screen, during the hiring process, and supervise and monitor thereafter, agents, employees and/or representatives to eliminate sexually predatory and abusive behavior towards their student populations;

8

- Failing to have an outside agency evaluate Defendants sexual abuse policies and procedures, including the implementation and monitoring for compliance of said policies and procedures;

- Failing to have in place, or failing to follow, a policy or procedure to prohibit janitors from being alone with a student;

- Failing to have in place, or failing to follow, a policy or procedure to make their students and their parents aware of the risk of sexual assault at Hillview Elementary School, what to do in the event sexual assault occurs or is suspected to have occurred, how to report sexual assault when it occurs or is suspected to have occurred, and monitoring the implementation of said policy or procedure;

- Failing to warn and/or disclose and/or educate Plaintiff and/or the parents of Plaintiff of the danger of sexual assault the perpetrating janitor;

- Failing to properly hire, train, and supervise the perpetrating janitor;

- Failing to ensure that their students are adequately supervised;

- Failing to ensure that their students are safe and not subjected to sexual abuse;

- Failing to properly supervise and monitor janitor interactions with students;

- Failing to have in place, or failing to follow, a policy or procedure to prevent their employees, agents and/or representatives from grooming and sexually abusing students;

- Failing to adhere to the applicable standard of care for child safety; and

4158272, 1, 067298.0001

- Retaining the perpetrating janitor, when they knew or should have known of his propensity to abuse his position of authority as an employee, agent and/or representative of Defendants to interact with children for sexual gratification.

bbb)    in acting unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of the Plaintiff.;

ccc)    in violating the rights, privileges and safety of Plaintiff and other students of Defendants;

ddd)    in depriving the Plaintiff access to educational opportunities or benefits provided by Defendants;

eee)    in creating and/or subjecting the Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX") because a) Plaintiff was a member of a protected class; b) she was subjected to sexual harassment in the form of sexual assaults and batteries by a janitor; c) she was subjected to harassment based on her sex; and d) she was subjected to a hostile educational environment created by Defendants in failing to have, or enforce, appropriate policies and procedures to protect the Plaintiff as set forth herein;

The Plaintiff lack knowledge as to the further negligent acts or omissions of the Defendants and will seek same through discovery. Upon completion of said discovery, the Plaintiff will amend and/or supplement the response to this demand, if necessary.

3.    Provide the name of who allegedly committed the abuse set forth in the Complaint. If no name is known, provide a detailed physical description of the person who allegedly committed the abuse set forth in the Complaint.

10

<u>ANSWER</u>:

Plaintiff was sexually assaulted by a janitor whose name is unknown to Plaintiff at this time. Upon information and belief, the perpetrating janitor was an older white male. He had rough hands and an odor emulated from his mouth.

4.      With regard to each incident of the alleged abuse against the Plaintiff identified in the Complaint provide the following information:

      a.   Date;

      b.   Time;

      c.   Location;

      d.   Whether the incident was reported to anyone; identify all persons this incident was reported to; the date the report was made; by whom the report was made; and how the report was made.

<u>ANSWER</u>:

Upon information and belief, Plaintiff was sexually assaulted by the janitor numerous times throughout Plaintiff's kindergarten year and continuing throughout her third or fourth grade year, between approximately 1961 through 1967. The sexual assaults always occurred at Hillview Elementary School, including the girls' bathroom, the supply closet, and the nurses' station.

Plaintiff was sexually assaulted in the school supply closet numerous times between approximately 1961 through 1967. The sexual assaults in the girls' bathroom occurred when the Plaintiff was in approximately second or third grade. The sexual assault at the nurses' station occurred on one occasion when Plaintiff was in approximately third or fourth grade. The exact dates and times and number of the sexual assaults are unknown to the Plaintiff at this time.

The sexual assaults in the supply closet included the janitor forcefully inserting his finger inside of the Plaintiff and her experiencing physical pain. The janitor would also force the Plaintiff to touch his genitals by taking her hand and placing it on his penis and leaving his hand on top of hers.

The sexual assaults in the girls' bathroom also consisted of the janitor forcefully inserting his finger inside of the Plaintiff and her experiencing physical pain.

Upon information and belief, the final sexual assault took place in the nurses' station.  The Plaintiff was laying on a bed in the nurses' station and the janitor again forcefully inserted his finger inside of the Plaintiff causing her physical pain.  The janitor exposed his penis and placed it next to the Plaintiff, he then took the Plaintiff's right hand and placed it on his penis.  He then moved the Plaintiff's hand up and down his erect penis.

At the time of the assaults, the janitor made threats to the Plaintiff that he would kill her family if she told anyone what he was doing to her, so she kept quiet and a report was not made at the time.  When the Plaintiff was in high school, she disclosed the sexual assaults to her then boyfriend, Kim Nelson, and to her sister, Crystal Trudell.

5.      Set forth in detail each and every item of relief sought in this action, including an itemized statement indicating the amount of each form of damages sought and a calculation of each such loss.

ANSWER:

Upon information and belief, the Plaintiff, LG 60 Doe, is claiming general and special damages totaling One Hundred Million ($100,000,000.00) Dollars.  However, this action is in the early stages of discovery and the total amount claimed as special damages has not yet been determined by the Plaintiff.

4158272, 1, 067298.0001

6.      If you are making a claim for economic loss, provide the factual basis and calculation thereof, including an itemization of all costs and fees.

ANSWER:

The plaintiff is not making a claim for economic loss at this time.

7.      If you are making a claim for lost wages, provide the calculation thereof, including the dates of work missed, rate of pay, and the name and contact information for Plaintiff's employer.

ANSWER:

The Plaintiff is not making a claim for lost wages and missed time from employment at this time.

8.      Identify each of Plaintiff's employers over the past ten (10) years, including dates employed, positions held, method and amounts of compensation, and reason for termination of employment.

ANSWER:

Plaintiff refers Defendants' counsel to Plaintiff's Responses to Interrogatory Numbers 6 and 7, Supra.

9.      State each and every physical or psychological injury, illness or other medical condition Plaintiff alleged sustained as a result of the incidents alleged in Plaintiff's Complaint, and a description of those injuries which are claimed to be permanent.

ANSWER:

As a result of the sexual assaults, the Plaintiff, LG 60 Doe, sustained the following known injuries all of which are claimed to be permanent unless otherwise stated: sexual assaults, mental and emotional pain associated with the sexual assaults, fear from threats made by the perpetrator

13

to the Plaintiff, depression, post-traumatic stress disorder, suicidal thoughts and ideations, anxiety, nightmares, sleep disturbance issues, emotional distress, feelings of shame, regret, guilt, and anger, distrust of others, sexual avoidance of digital penetration, poor decision making, overprotective as a parent, fear of tight spaces, flashbacks/triggers when she smells cigars because it reminds her of the odor emulating from the janitor, substance use beginning at a young age, emotional anguish and suffering associated with the aforementioned injuries, limitation in ability to engage in social activities, and inability and limited ability to engage in life's enjoyments due to the aforementioned injuries.

The sexual assaults also negatively impacted Plaintiff's schooling.

Permanency is manifested in that the plaintiff, LG 60 DOE, continues to suffer from pain, discomfort and limitations associated with the aforementioned injuries.  The plaintiff is still under the care of her physicians.  The total extent of permanency is not yet fully known at this time.

10.    State the highest level of education completed and identify all education institutions attended since completion of the 8th grade.

ANSWER:

Plaintiff attended Lancaster Central School District for her entire education before attending Genesee Community College.  She did not obtain a degree from Genesee Community College.  She also attended a barbering school, Roffler Barber and Hair Designer College, in Florida.

11.    Set forth in detail all bases upon which you contend that you are entitled to damages for emotional distress and loss of enjoyment of life against the Defendants.

ANSWER:

14

Plaintiff refers Defendants' counsel to Plaintiff's Response to Interrogatory Number 9, Supra. In addition to the aforesaid items of special damages, the plaintiff will seek to charge the defendants herein with an unliquidated sum for future medical expenses, her inability to lead a normal life, permanency, pain and suffering, future lost earnings, if any, and for those damages as alleged in the Complaint.

12.     Identify each and every medication, whether prescription, over-the-counter, or otherwise, Plaintiff is presently taking for any symptoms or injuries related to the injuries claimed.

ANSWER:

Upon information and belief, not applicable.

13.     State the name, address and specialty of each health care practitioner who examined and/or treated you as a result of the incident and symptoms alleged in the complaint, including the date on which each person examined and/or treated you and a description of the treatment received.

ANSWER:

Upon information and belief, the Plaintiff treated with a counselor/therapist in Boone, North Carolina in the early 1990s by the name of Dr. Eric Hatch.  Dr. Hatch is deceased and his records have not been located, but may be able to be attained through the following:

> Appalachian State University
> Custodian of Records
> For Dr. Eric Hatch
> 287 Rivers Street
> Boone, North Carolina 28608

Further, Plaintiff has treated with the following medical providers for injuries sustained as a result of the sexual assaults:

> Dr. Dacia Harris
> 900 Hertel Avenue
> Buffalo, New York 14216

15

Ob/GYN Associates of WNY
Susan Joseph, P.A.
4845 Transit Rd
Depew, New York 14043

14.    State whether Plaintiff has ever undergone mental health counseling either voluntarily or court ordered, and if so, identify the dates thereof and health care practitioner involved.

ANSWER:

Plaintiff refers Defendants' counsel to Plaintiff's Response to Interrogatory Number 13, Supra.

15.    If Plaintiff has ever been involved as a party, witness or other capacity in any civil or criminal litigation, give the name of the case, Plaintiff's involvement in the litigation, and docket number of the case.

ANSWER:

Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

16.    Identify by case or docket number all proceedings in which Plaintiff has given a statement or testimony under oath, including statements made in a declaration, affidavit, depositions, or other testimony involving or in any way related to the incident(s) alleged in the Complaint.

ANSWER:

16

Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Plaintiff states not applicable.

17.    State each of Plaintiff's addresses before and after the alleged incident(s) and give the inclusive dates during which Plaintiff resided at each, and the names of all persons with whom you resided and your relationship to those persons.

ANSWER:

Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Plaintiff states that at the time of the sexual assaults, the plaintiff resided with her parents, Joseph and Elaine Caci, and her sisters, Gina Ruchal and Crystal Trudell, at 3850 Walden Avenue, Lancaster, New York. The plaintiff then moved with her family to 61 Nichter Road, Lancaster, New York.  Plaintiff currently resides at 1006 Parkway, Sevierville, Tennessee 37862.

18.    Identify all instances of any misdemeanors or felony convictions and/or guilty pleas, including dates, court, and identification of the criminal statute upon which the conviction and/or guilty plea was levied.

ANSWER:

No applicable.

19.    Has the Plaintiff, or any person on Plaintiff's behalf, had any written or oral communication with the Defendants or their alleged employees, agents and/or servants about the individual identified in the Complaint? If your answer is yes, please answer the following:

17

a.   The sum and substance of the communication;

b.   The date of each communication;

c.   Whether the communication was written or oral;

d.   The identity, or if not known, the description of the person with whom the communication was had; and

e.   The description of each witness to each such communication.

<u>ANSWER</u>:

In approximately 2019 or 2020, the Plaintiff went to Hillview Elementary School and spoke with the principal's secretary on two occasions. The Plaintiff asked for the identity of the janitors that worked at the time Plaintiff was a student. The principal's secretary told the Plaintiff that she could not give her any information. Shortly after, the Plaintiff went to the Lancaster School District Superintendent to inquire about the identity of the janitor. The Plaintiff and her sister, Crystal Trudell, met with a male and female at the Superintendent's Building who told her that she needed to make a FOIL request. Plaintiff made FOIL requests to Defendant Lancaster Central School District, a copy of which are provided by Plaintiff in Plaintiff's Response to Defendants Request for Production and Inspection of Documents and Things to Plaintiff.

DATED:     Buffalo, New York
           September 2, 2021

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By:_____
      AMY C. KELLER, ESQ.
   *Attorneys for Plaintiff*
   Office and P.O. Address
   42 Delaware Avenue, Suite 120
   Buffalo, New York 14202-3924
   Telephone: (716) 849-1333
   [ACK: #67298.0001]

4158272, 1, 067298.0001

TO:    Shannon B. O'Neill, Esq.
       WEBSTER SZANYI LLP
       *Attorneys for Defendants*
       *LANCASTER CENTRAL SCHOOL*
       *DISTRICT, and LANCASTER CENTRAL*
       *SCHOOL DISTRICT BOARD OF EDUCATION*
       Office and P.O. Address
       1400 Liberty Building
       Buffalo, New York 14202
       Telephone: (716) 842-2800

4158272, 1, 067298.0001

**VERIFICATION**

STATE OF TENNESSEE          )
                           )     ss.:
COUNTY OF ___Sevier___      )


    DEBRA MCDOUGALD, being duly sworn, deposes and says that she is the Plaintiff, LG 60

DOE, in this action; that she has read the foregoing RESPONSES TO DEFENDANTS' FIRST SET

OF INTERROGATORIES and knows the contents thereof; that the same is true to the knowledge of

deponent, except as to those matters therein stated to be alleged upon information and belief, and that

as to those matters, she believes it to be true.

                                      DEBRA MCDOUGALD

Sworn to before me this

3rd day of September, 2021.

Notary Public

20